UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARVI JESUS RIVAS,

Petitioner,

v.

MARKWAYNE MULLIN,

Respondent.

CASE NO. C26-2606JLR

ORDER

## I. INTRODUCTION

Before the court is Petitioner Darvi Jesus Rivas's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 1); Traverse (Dkt. # 8).) The Government[1] opposes the petition. (Return (Dkt. # 5).) The court has considered the petition, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the petition.

[1] The Federal Respondent is United States Department of Homeland Security ("DHS") Secretary Markwayne Mullin (referenced herein as the "Government"). (*See* Pet. at 3.)

## II. BACKGROUND

Petitioner is a native and citizen of Venezuela presently detained at the Northwest ICE Processing Center ("NWIPC"). (Arias Decl. (Dkt. # 6) ¶ 10.) On September 10, 2022, U.S. Customs and Border Protection ("CBP") encountered Petitioner in or near El Paso, Texas. (*Id.* ¶ 3.) CBP determined that Petitioner had entered the United States without inspection or valid entry documents and subsequently released him on parole with instructions to report to an ICE field office. (*Id.*) On November 8, 2022, Petitioner reported to the Seattle, Washington, ICE field office and the Government released him on an order of recognizance ("OREC"). (*Id.* ¶ 4; Pet. at 1; *see also* Van Daley Decl. (Dkt. # 7) ¶ 2, Ex. 2 (OREC); Currie Decl. (Dkt. # 4) ¶ 2, Ex. A (same).) Petitioner represents that he has fully complied with the terms of his OREC. (Pet. at 2.) On September 16, 2024, upon the Government's motion, an immigration judge ("IJ") in Seattle, Washington, dismissed Petitioner's removal proceedings based on the Government's grant of Temporary Protected Status ("TPS"). (Arias Decl. ¶ 5; Van Daley Decl. ¶ 2, Ex. 3 (Order on MTD).) Petitioner's TPS expired on April 3, 2025. (Arias Decl. ¶ 6.) Prior to the expiration of his TPS, Petitioner timely filed to re-register for TPS in April 2025, and the Government issued Petitioner a notice acknowledging receipt of the application. (Pet. at 4.)

On July 3, 2026, the Government initiated new removal proceedings, issued a new notice to appear ("NTA"), and immediately re-detained Petitioner. (Pet. at 5; Van Daley Decl. ¶ 2, Ex. 5 (Warrant); *id.*, Ex. 6 (July 2026 NTA.) On July 23, 2026, Petitioner filed the instant petition seeking a writ of habeas corpus challenging his detention and seeking

his immediate release. (*See generally* Pet.) Petitioner asserts, in pertinent part, that (1) the Government erroneously based its decision to re-detain him on material factual errors and an internally inconsistent administrative record; (2) the Government arbitrarily and unlawfully re-detained him; and (3) his continued detention violates his due process rights. (*See generally id.*) He seeks his immediate release without conditions or, alternatively, release under appropriate conditions of supervision. (*Id.* at 15-16.)

On August 25, 2026, an IJ conducted Petitioner's custody redetermination hearing. (8/28/26 Not. (Dkt. # 9) at 1.) Although the IJ concluded that the court lacked jurisdiction over the custody determination, the IJ issued an alternative finding that, in the event jurisdiction existed, the Government should Petitioner on a $6,000 bond. (*Id.*) Petitioner's petition is now fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Here, Petitioner asserts, and the Government does not dispute, that the Government failed to re-detain Petitioner pursuant to consideration of his individualized circumstances, including his lack of criminal history and prior complete compliance with his OREC. (*See* Traverse at 1 (so asserting).) Instead, the Government argues that it re-detained Petitioner solely upon the commencement of new removal proceedings pursuant to 8 U.S.C. § 1226(a), which "supplied a fresh and independent basis for detention under the governing statute." (*See* Return at 6.) As explained below, Petitioner is in custody in violation of the laws of the United States. Accordingly, the court grants the petition and orders his immediate release.

**A. The Governing Legal Standard**

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

The Fifth Amendment protects individuals from arbitrary government deprivation of liberty without due process of law. This fundamental right extends broadly to "all persons within the United States, including [non-citizens], whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). At its core, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Freedom from arbitrary physical restraint is a quintessential liberty interest. Consequently, each non-citizen released on an OREC pursuant to 8 U.S.C. § 1226(a) has necessarily been found by the Government to pose neither a danger to the community nor a flight risk. *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1202 (W.D. Wash. 2025) (so holding). Moreover, once the Government exercises its discretionary authority to release a noncitizen under § 1226(a), the Due Process Clause requires meaningful procedural safeguards before that liberty interest may be revoked. *See Rodriguez v. Bostock,* 802 F. Supp. 3d 1297, 1320-22 (W.D. Wash. 2025), *aff'd sub nom. Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *United States v. Caceres*, 440 U.S. 741, 764 (1979) (Marshall, J., dissenting).

Where a government agency establishes regulatory procedures designed to protect a fundamental constitutional right, the agency is strictly bound by those rules. *See Alcaraz v. INS*, 384 F.3d 1150, 1162 (9th Cir. 2004) (reaffirming that under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), an agency's failure to follow its own regulations constitutes a due process violation if the regulation is intended to protect individual interests). An agency's failure to follow its own prescribed procedures constitutes a clear violation of the Due Process Clause. *See, e.g.*, *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025). In the immigration context, "where ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." *Id.* (quoting *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025)). Furthermore, the initiation of new removal proceedings does not authorize the Government to ignore its prior dismissal of a case, nor does it permit the agency to strip a noncitizen of their liberty without a valid, contemporaneous legal basis for detention. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1076-78 (9th Cir. 2006).

To determine whether a specific deprivation of liberty comports with due process, courts must apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). This framework requires the court to evaluate and weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that additional procedural requirements would entail. *Id.* at 335.

**B. The Government's Re-Detention of Petitioner is Unlawful.**

An application of the *Mathews* balancing framework demonstrates that the Government's summary re-detention of Petitioner fails to satisfy the requirements of due process. Regarding the first factor, the private interest affected is significant. Freedom from physical confinement is a core liberty interest, *Zadvydas*, 533 U.S. at 690, which is heightened here by Petitioner's near two-year period of unblemished OREC compliance following the Government's initial determination that detention was unnecessary. (*See, e.g.*, Pet. at 1-2.) Under the second factor, because the Government re-detained Petitioner without notice or an individualized assessment, the risk of an erroneous deprivation of his liberty interest was high. The probable value of additional procedural safeguards is substantial, as an individualized review or pre-deprivation process would have permitted an evaluation of Petitioner's compliance record prior to the sudden revocation of his release. Finally, under the third factor, the Government's interest in summarily re-detaining a compliant individual without an administrative hearing is low, and the fiscal or administrative burden of providing an out-of-custody review prior to confinement is minimal.

Because Petitioner's protected liberty interest outweighs the Government's interest in omitting these procedural safeguards, the detention does not comport with the Fifth Amendment. *See Sagrero-Perez v. Scott*, No. C26-0932 TSZ, 2026 WL 1283516, at *2 (W.D. Wash. May 11, 2026) (collecting cases so holding). The court concludes that Petitioner is in custody in violation of the Due Process Clause of the Fifth Amendment.

Accordingly, the court grants the petition for a writ of habeas corpus and orders Petitioner's immediate release.[2]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the petition (Dkt. # 1). The court ORDERS as follows:

(1) Within twenty-four hours of the entry of this Order, the Government shall file a declaration confirming that it has released Petitioner from custody;

(2) Respondents, DHS, and all of its operational and support components, including ICE, and all DHS officials and personnel, including all ICE employees, are hereby ENJOINED from re-detaining petitioner, or subjecting him to electronic monitoring, without at least seven days' advance written notice and pre-deprivation hearing before a neutral decisionmaker unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense.

Dated this 4th day of September, 2026.

JAMES L. ROBART
United States District Judge

[2] Because the court grants the petition on due process grounds, it declines to consider petitioner's other bases for relief.